UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEO SISCO, | ) | 1:10-cv-01723 OWW MJS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| JAMES D. HARTLEY, Warden, | ) | (Doc. 14) |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 17, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges the California court decisions upholding a November 13, 2008, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Respondent has filed a motion to dismiss. For the reasons explained below, the motion to dismiss should be granted.

    California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness. Accordingly, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213

1  (9th Cir. 2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, 131 S. Ct. 859 (2011).  The Ninth
2  Circuit instructed reviewing federal district courts to determine whether California's application
3  of California's "some evidence" rule was unreasonable or was based on an unreasonable
4  determination of the facts in light of the evidence.  Hayward, 603 F.3d at 563; Pearson, 606
5  F.3d at 608.
6        On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
7  Cooke, 131 S. Ct. 859 (2011). In Swarthout, the Supreme Court held that "the responsibility
8  for assuring that the constitutionally adequate procedures governing California's parole system
9  are properly applied rests with California courts, and is no part of the Ninth Circuit's business."
10  Id. at 863. The federal habeas court's inquiry into whether a prisoner denied parole received
11  due process is limited to determining whether the prisoner "was allowed an opportunity to be
12  heard and was provided a statement of the reasons why parole was denied." Id. at 862, *citing*,
13  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).
14  Review of the instant case reveals Petitioner and Petitioner's counsel were present at the
15  parole hearing, they were given an opportunity to be heard, and were provided a statement
16  of reasons for the parole board's decision. (See Pet. Ex. D, ECF No. 1-2.) According to the
17  Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into
18  whether [the petitioner] received due process." Swarthout, 131 S. Ct. at 862. "The Constitution
19  does not require more [process]." Greenholtz, 442 U.S. at 16.
20        Given the holding in Swarthout, this Court must and does conclude that the instant
21  petition does not present cognizable claims for relief. Accordingly, the Court recommends
22  Respondent's motion to dismiss be granted.

### RECOMMENDATION

24  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
25  GRANTED.
26        This Findings and Recommendation is submitted to the assigned United States District
27  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
28  Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after the date of service of this Findings and Recommendation, any
2  party may file written objections with the Court and serve a copy on all parties.  Such a
3  document should be captioned "Objections to Magistrate Judge's Findings and
4  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
5  days after service of the Objections.  The Finding and Recommendation will then be submitted
6  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
7  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
8  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
9  Cir. 1991).

11  IT IS SO ORDERED.

12  Dated:    June 3, 2011                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
-3-